UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY YGLESIAS,<br><br>   Plaintiff,<br><br>vs.<br><br>ISMAEL PATEL, M.D., et al.,<br><br>   Defendants. | 1:17-cv-01294-AWI-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THIS CASE BE DISMISSED, WITH PREJUDICE, AS DUPLICATIVE OF CASE 1:17-CV-01282-GSA-PC<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS |

**I. BACKGROUND**

Ray Yglesias ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on September 28, 2017. (ECF No. 1.) The court finds that this case is duplicative of another pending case filed by Plaintiff on September 27, 2017, and therefore recommends that this case be dismissed.

**II. DUPLICATIVE CASES**

As a general matter, duplicative litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C § 1915 as malicious. See Cato v. United States, 70 F.3d

1

1103, 1105 n. 2 (9th Cir. 1995) (affirming that duplicative litigation is "an independent ground for dismissal"); see also Adams v. California, 487 F.3d 684, 692-93 (9th Cir. 2007) (dismissal of a duplicative lawsuit "promotes judicial economy and the comprehensive disposition of litigation," finding that a plaintiff is required to bring all claims that relate to the same transaction or event at one time), overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880 (2008). Adams, 487 F.3d at 688 & n. 1.

"There is no abuse of discretion where a district court dismisses under § 1915(d) a complaint 'that merely repeats pending or previously litigated claims.'" Cato v. U.S., 70 F.3d 1103, 1105 n. 2 (9th Cir. 1995) (quoting Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988)); see also Denton v. Hernandez, 504 U.S. 25, 30, 112 S.Ct. 1728, 1733 (1992) (recognizing Congress's concern that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits") (quotation omitted).

"[I]n assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." Adams, 497 F.3d at 689 (citing see The Haytian Republic, 154 U.S. at 124 ("There must be the same parties, or, at least, such as represent the same interests; there must be the same rights asserted and the same relief prayed for; the relief must be founded upon the same facts, and the . . . essential basis, of the relief sought must be the same." (internal quotation marks omitted)); Curtis v. Citibank, 226 F.3d 133, 140 (2d Cir. 2000) (holding that the trial court did not abuse its discretion in dismissing "Curtis II claims arising out of the same events as those alleged in Curtis I," which claims "would have been heard if plaintiffs had timely raised them"); Serlin v. Arthur Andersen & Co., 3 F.3d 221, 223 (7th Cir. 1993) ("[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." (internal quotation marks omitted)).

///
///
///

## III. DISCUSSION

Plaintiff has two civil rights cases pending before this court. The first case was filed on September 27, 2017, as case 1:17-cv-01282-GSA-PC (Yglesias v. Patel, et al.) ("17-1282") (Court Record.) The second case is the present case, 1:17-cv-01294-AWI-GSA-PC (Yglesias v. Patel, et al.) ("17-1294"), filed on September 28, 2017. (ECF No. 1.)

The Court has reviewed Plaintiff's two cases and finds that both cases are civil rights actions pursuant to 42 U.S.C. § 1983, and the parties, allegations, claims, and requested relief are identical. The original complaints from both actions appear to be identical copies of each other, except for variation in the exhibits attached to the complaints. Based on these facts, the court finds the present case to be duplicative of case 17-1282. The court finds the variation in exhibits attached to the original complaints to be immaterial, given that Plaintiff may file an amended complaint as a matter of course in case 17-1282 if he so wishes.[1] Because the present case was filed after case 17-1282 was filed, the court shall recommend that the present case be dismissed with prejudice.

## IV. CONCLUSION AND RECOMMENDATIONS

The court finds that the present case is duplicative of case 1:17-cv-01282-GSA-PC (Yglesias v. Patel, et al.). Therefore, based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. This case be DISMISSED, with prejudice, as duplicative of case 1:17-cv-01282-GSA-PC (Yglesias v. Patel, et al.); and
2. The Clerk be directed to CLOSE this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** from the date of service of these Findings and Recommendations, Plaintiff

---

[1] Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). Because Plaintiff has not previously amended the Complaint in case 17-1282, and no responsive pleading has been served in this action, Plaintiff has leave to file an amended complaint as a matter of course in case 17-1282.

may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**November 27, 2017**__         **/s/ Gary S. Austin**
                                                      UNITED STATES MAGISTRATE JUDGE